FILED

2014 JAN 28 AM II: II

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

JULIO C. ORDONEZ
1370 Oxford Way
Upland CA 91786

Plaintiff in pro per

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

JULIO V. ORDONEZ,

        Plaintiff,

vs.

OCWEN LOAN SERVICING LLC

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.: 5:13-CV-01090 –JAK-OPX )

**Hon. John A. Kronstadt**

**OPPOSITION TO MOTION TO DISMISS COMPLAINT**

Date:   February 3, 2014
Time:  8:30 a.m.
Courtroom:  750-7TH Flr.

Complaint filed: May 21, 2013
Trial date:  None set

    Plaintiff Julio V. Ordonez ("Plaintiff") brings the following opposition to Defendant OCWEN Loan Servicing, LLC., ("OCWEN") motion to dismiss the complaint as follows.

### I STATEMENT OF FACTS

    Plaintiff brought a simple complaint for small claims state court for relief for violations of FDCPA, TIlA, FCRA, Helping Families Save Their Home Act, Rosenthal Act and other homeowner protection statutes, when the servicer failed to execute and record proper documents and ignored the written validation request from plaintiff.  Simple relief was sought in the small

claims state court.  OCWEN Loan Servicing LLC ("OCWEN") removed this matter to the district court purportedly for questions of federal law.   OCWEN is a "debt collector within the meaning of the FDCPA  [15 U.S.C. § 1692a(6)].

**Defendants' fundamentally misconstrue the Complaint** The servicer assured Plaintiff that his payments were received but they were never validated as properly credited to his account.  However, Defendants' own documents establish that there is a triable issue of fact as to whether it had the right to make further demands on the Subject Property.  Accordingly, the foreclosure of the Subject Property was improper and in violation of applicable law.

### *UNDERLYING DEBT COLLECTION ACTIVITIES INITIATED BY OCWEN IS THE GRAVAMEN OF THE WITHIN CLAIM.*

The distinction between a creditor and a debt collector is precisely stated in 15 15 U.S.C. § 1692a(6)(F)(iii).  For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time   it was acquired.

THE SAME IS TRUE OF A LOAN SERVICER which can either stand in the shoes of a creditor or becomes a debt collector, depending on whether the debt was assigned for servicing before the default or alleged default occurred.  Wallington v. Credit Acceptance Corp. 76 F/ 3d 103. 106-8 (6th Cir 1996), Perry v. Stewart Title Co. 756 F2d 1197, 1208 (5th Cir. 1985).

### II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Id. At

555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a

claim to relief that is plausible on its face." Id. At 570.

The complaint must only include "sufficient factual allegations to provide the grounds

on which the claim rests". Friends of Lake View School District v. Beebe, 578 F.3d 753, 762

(8th Cir. 2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is

no need for detailed factual allegation or specific facts that describe the evidence to be presented.

Id. A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more

than the mere possibility of misconduct". Ashcroft v. Iqbql, 129 W.Ct. 1937, 1950 (2009).

Well-pleaded allegations of fact and every inference fairly deducible therefrom are

accepted as true for purposes of a motion to dismiss. Erickson v. Pardus, 551 U.S. 89, 93-94

(2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual

proof of those facts is improbable, and "that recovery is very remote and unlikely." Twombly,

550 U.S. at 556.

Erroneous or confusing labels attached by an inept pleader are to be ignored.  (*Richelle L.*

*v. Roman Catholic Archbishop* (2003) 106 Cal.App.4th  257, 266.)  Thus it is well settled

California and federal law that as long as the complaint states facts disclosing some right to

relief, the homeowner should be given an opportunity to amend his pleadings

### III. ARGUMENTS AND AUTHORITIES

"When considering Defendant's motion, the court must construe the factual allegations in

the complaint in the light most favorable to the plaintiff." In re Stac Elecs. Sec. Litig., 89 F.3d

1399, 1403 (9th Sir. 1996): Jones v. General Elec. Co., 87 F.3d 209, 211

(7th Cir. 1996). "Only if no possible construction of the alleged facts will entitle plaintiff to relief

should the court grant defendant's motion." Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S.

Ct. 2229, 2232 (1984). If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion to dismiss.

## A. THE FDCPA IMPOSES A STRICT LIABILITY STANDARD.

The FDCPA, 15 U.S.C. § 1692, et seq., is a strict liability statute, Taylor v. Perrin, Landry deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997): see also Irwin v. Mascott, 112 F. Supp. 2d 937 (N.D. Cal. 2000): Pittman v. J.J. Mac Intyre Co. of Nevada, Inc., 969 F. Supp. 609 (D. Nev. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30, 33-34 (2nd Cir. 1996).

## B. THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMER DEBTORS.

The FDCPA is a remedial statute. Hamilton v. United Healthcare of Louisiana, Inc., 310 F. 3d 385, 392 (5th Cir. 2002). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162, 1176 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107, 1117 (20th Cir. 2002).

## C. THE FDCPA BROADLEY PROHIBITS UNFAIR OR UNCONCIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPRESSES OR ABUSES ANY DEBTOR, AND ANY FALSE, DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT.

The Fair Debt Collection Practices Act. ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debt by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provided for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and

misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics both generally and in a specific list of disapproved practices.

In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b). It is the express purpose of the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

Accordingly, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Simply it was designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false deceptive or misleading statements, in connection with the collection of a debt. Baker v. G.C. Services Corp., 677 F.2d 775 (9th Cir. 1982); Heintz v. Jenkins, 514 U.S. 291 (1995); McCartney v. First City Bank, 970 F.2d 45 (5th Cir. 1992).

Strangely, the servicer here is argues they tried to or didn't have to send validation of the debt that are in their motion to dismiss because the plaintiff was in foreclosure. These are the very kind of irrational arguments that required the California Homeowner Bill of Rights to be

enacted to protect homeowners from aggressive tactics and refusal to provide debt validation and debt certification for the alleged debt to be quantified. Because plaintiff attempted repeatedly to acquire information about the alleged debt and the basis for defendant's demands, it now says it does not have to give notice when the consumer disputes the debt.

In simplest terms, Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account. See Pacific Concrete F.C.U. v. Kauanoe, 62 Haw. 334, 614 P. 936 (1980), GE Capital Hawaii, Inc. v. Yonenaka 25 P. 3d 807, 96, Hawaii 32, (Hawaii App 2001), Fooks v. Norwich Housing Authority 28 Conn. L. Rptr. 371, (Conn. Super. 2000), Town of Brookfield v. Candlewood Shores Estates, Inc. 513 A. 2d 1218, 201 Conn. I (1986), and Solon V. Godbole, 163 Ill. App. 3d 845, 114 Ill. Dec. 890, 516 N.E. 2d 1045 (3Dist. 1987). The Defendants never complied with Plaintiff's demands for validation of the alleged debt they were attempting to collect yet continued their collection activities.

A debt collector verifies a debt by providing information that is responsive to the consumer's request. See H.R. Rep. No 31, 95th Cong., 1st Sess. 5 1977. At NO time did this servicer begin to attempt to properly validate the alleged debt as demanded by Plaintiff.

As previously mentioned, the FDCPA is a strict liability statute and "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages". The argument of no duty to send a verification letter fails in light of the fact that OCWEN did NOT provide validation of the alleged debt nor did the Defendants up until the time this action was filed.

The arguments made that Plaintiff has not provided all evidence material to the allegations made in the complaint is ridiculous. Such evidence is to be presented at trial and is not required to be annexed to the Original Complaint. All required evidence was provided in the scope of the original small claims complaint.

Plaintiff again states "Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," [emphasis added] in order to "give the defendant fair notice of what the … claim is and the grounds upon which it

rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." [emphasis added] Id. At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." [emphasis added] Id. At 570.

Defendants' argument that they did not violate 15 U.S.C. § 1692d or § 1692f is erroneous and without merit. Plaintiff filed suit against OCWEN who continued to refuse Plaintiff requests for  validation after a demand was made by Plaintiff to OCWEN and no validation of the alleged debt was provided.

The fact that OCWEN made a faulty presumption and violated 15 U.S.C. § 1692 does not excuse them from liability under a bona fide error defense as stated in Jerman v. Carlise, NcNellie, Rini, Dramer & Ulrich, L.P.A. 538 F.3d 469,471 (6th Cir. 2008).

In plain language the arguments made by the Defendants in regard to the KCPA are frivolous. Plaintiff has made detailed allegations with particularity that the Defendants have used written representations of exaggeration and falsehood, which is precisely what is required for an action to be brought as it was under state law and in compliance with federal law.

Plaintiff has also shown that Defendants have violated the law by their willful failure to state a material fact or the willful concealment, of a material fact in their transfer of a lawsuit against them in state court. The intent of the Defendants actions was that the Plaintiff would rely on their false and coercive statements and just "pay up" rather than exercise his rights as dictated by the FDCPA and not bring suit against the Defendants for their violation of the FDCPA and state law as well.

The coercive nature of the actions of, and statements made to the Plaintiff in multiple communications from OCWEN and specifically as a servicer demanding overstated and excessive additional fees leave little doubt that Plaintiff has been damaged with his having lost an immense amount of sleep and was and is currently being subjected to any manner of emotional trauma including, but not limited to, depression, anger, fatigue, anxiety, and emotional distress.

**There is no Time Bar for Ongoing Activities**. In a similar vein defendant erroneously alleges that the precondition of foreclosure bars the plaintiffs for any remedy or relief from the ongoing damages at their hands. When a defendant is a corporate successor who adopts and seeks to allege a default that is false and undocumented, they are stopped by their own conduct and so are their servicers. Although the initial transaction commenced the damages, the on-going damages are ratified by the defendant in its attempt to steal the homeowner's property. These damages do have a remedy as against the defendants herein.

More revealing evidence will be amended to the complaint as the true role of the defendants is revealed in discovery. Defendant's arguments supporting their motion to dismiss r should fail because plaintiff's complaint alleges facts sufficient to maintain each cause of action presented therein. Should the court find that Plaintiff has failed to sufficiently plead any cause of action in the complaint, Plaintiff hereby requests leave to amend that cause of action and the complaint to address all applicable causes of action.

The Court has reached a time to make it clear a homeowner's right to challenge a foreclosure based on the foreclosing party's absence of authority from the beneficiary of the homeowner's deed of trust. Plaintiff has pleaded facts sufficient to allow a court, drawing on "judicial experience and common sense", to infer "more than the mere possibility of misconduct", which easily satisfies his burden of pleading under the KCPA, in addition to the FDCPA at this stage. See Ashcroft v. Iqbal, 129 S.Ct. at 1950. Plaintiff's claims should therefore survive dismissal. Plaintiff can and will amend his pleadings to step up from the allegations sufficing a small claims action to the federal venue.

## IV. **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that this Court enter an order denying Defendants' Motion to Dismiss for Failure to State a Claim. In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend his Complaint with specificity in clarification of the mortgage netherworld here where the lender

1   and its servicer escape liability for their violations of the law when they possess more

2   information than the homeowner.

3                                                                    Respectfully Submitted,

4

5   Dated" January 28, 2014

6

7                                                                    Julio V Ordonez
                                                                     Plaintiff in pro per

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I reside in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action.

      On January 28, 2014, I served the foregoing document described as OPPOSITION TO THE MOTION TO DISMISS THE FIRST AMENDED COMPLAINT on all parties in this action by placing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid addressed as follows:

      Elizabeth Dolan Scott
      Houser & Allison, APC
      9970 Research Drive
      Irvine CA 92618
      Tel 949-679-1111
      Fax 949-679-1112

\_\_\_-------- I served the document to be served by fax

xxxx

\_\_\_---✓---- I caused such envelopes to be deposited in the mail at Upland, California.

I am "readily familiar" with the practice of collection and processing of correspondence for mailing. Under that practice it is deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Upland California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 28, 2014 at Upland, CA.

*Dewayne K. McCoy*