**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01090 JAK (OPx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | Julio V. Ordonez v. Ocwen Loan Servicing, LLC | | |

Present: The Honorable   JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) ORDER RE DEFENDANT'S MOTION TO DISMISS (DKT. 21)**

**I.   Introduction**

Julio V. Ordonez ("Plaintiff") filed this action as a small claims matter in the San Bernardino County Superior Court, against OCWEN Loan Servicing LLC (Defendant). Defendant removed the action based on federal question jurisdiction. Dkt. 1. The parties subsequently stipulated to Plaintiff's filing of a first amended complaint ("FAC"). Dkt. 13. The FAC alleges that Defendant failed accurately to report his account to various credit agencies, thereby violating certain federal statutes. As a result of this alleged conduct, the FAC advances four causes of action: (i) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641; (ii) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1691 and 1682 *et seq.*; (iii) violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*; and (iv) Declaratory Relief. Dkt. 17. Defendant has moved to dismiss the FAC (the "Motion"). Dkt. 21.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. For the reasons stated herein, Plaintiff's Motion is GRANTED, with prejudice as to the first and fourth causes of action and without prejudice with respect to the second and third causes of action. Any amended complaint shall be filed on or before February 21, 2014.

**II.   Factual and Procedural Background**

Plaintiff obtained a purchase money mortgage secured by real property located at 4546 Rinard Avenue, Covina, CA in 2007. Dkt. 21 at 3. Bank of America was the lender and beneficiary of the Deed of Trust that secured the loan. Defendant's Request for Judicial Notice ("RJN"), Exh. A, Dkt. 26. However, in April 2010, Recontrust Company, acting as agent for Bank of America, recorded a Notice of Default and Election to Sell, which stated that Plaintiff owed $69,926.85 on the loan as of April 21, 2010. RJN, Exh.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**


**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01090 JAK (OPx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | Julio V. Ordonez v. Ocwen Loan Servicing, LLC | | |

1, Dkt. 26.[1]

On October 10, 2012, Plaintiff allegedly received a letter from Defendant stating that, on October 5, 2012, it had acquired from Bank of America the servicing rights of the loan. FAC ¶ 19. At the time Defendant acquired the servicing rights, the loan was in default. *See* RJN, Exh. A. Plaintiff states that this October 10 letter was in response to a "RESPA Qualified Written Request to validate the debt." FAC ¶ 19. Plaintiff alleges that in the letter, Defendant stated it was making reports to various credit agencies to "update and correct the credit file," but that no corrections ever occurred. *Id.* On November 15, 2012, Plaintiff requested that Defendant comply with his request for debt validation concerning corrections of these claimed errors and omissions. FAC ¶ 20. According to Plaintiff, on November 29, 2012, he received assurances from Defendant that it would provide a written response. FAC ¶ 21. However, Plaintiff contends that he did not receive one. FAC ¶¶ 21, 47. This action followed.

### III.   Analysis

####    A.   Local Rule 7-12: Failure to Oppose Motion

Plaintiff failed to file a timely opposition to the Motion. Local Rule 7-12 states that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Section 9(b) of the Court's Standing Orders provides that, for any motion set for a hearing "more than 70 days from the filing of the motion," "any opposition must be filed no later than 14 days after the filing of the motion."

Defendant filed the Motion on November 8, 2013, setting the hearing for February 3, 2014. This was more than 70 days after the filing.[2] Pursuant to this Court's Standing Orders, Plaintiff was required to file his opposition by November 22, 2013. Plaintiff did not do so. On January 27, 2014, the Court issued an order directing Plaintiff to file an opposition by January 28, 2014 at 5 p.m., and to file a separate request by January 28, 2014 at 5 p.m. explaining the reason why the opposition should be accepted given that it was not timely filed. Dkt. 24. Plaintiff filed his opposition on January 28, 2014. Dkt. 27. However, Plaintiff failed to comply with the Court's order to file a separate request explaining why the opposition was

---

1  Defendant claims that Plaintiff fraudulently recorded two documents: one in 2011 and the other in 2013. Dkt. 21 at 3-4. On October 19, 2011 a Substitution of Trustee and Full Reconveyance of the loan was recorded by "Chris Allen." RJN Exh. 2, Dkt. 26. This document purported to substitute Sondra Rogers as the new Trustee of the Deed of Trust in place of "PRLAP, Inc." *Id.* However, there is no indication in the FAC or RJN that PLRAP, Inc. was ever the Trustee of the Deed of Trust. Further, the Substitution of Trustee directed that it be mailed to Julio Ordonez when recorded. *Id.* Subsequently, a Notice of Rescission of the Declaration of Default was recorded on March 22, 2013. RJN Exh. 3, Dkt. 26. This Notice of Rescission was purportedly requested by "Reconstrust [sic] Company" as Trustee under the Deed of Trust. However, according to the FAC, Defendant had been substituted as the Trustee of the Deed of Trust as of March 22, 2013. FAC ¶ 19. Like the Substitution of Trustee, the Notice of Rescission was to be mailed to Julio Ordonez when recorded. RJN, Exh. 3. Defendant states that it intends to file an action for Cancellation of Instruments in the Superior Court. Dkt. 21 at 3-4.

2  The Court issued an order on November 20, 2013 continuing the hearing for Defendant's Motion to Dismiss from February 3, 2014 to February 10, 2014. Dkt. 22.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01090 JAK (OPx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | Julio V. Ordonez v. Ocwen Loan Servicing, LLC | | |

untimely and why the court should accept the late-filed opposition. As a result, this Court may construe Plaintiff's failure to oppose the motion as consent to its being granted. Notwithstanding these procedural defects, there is no evidence that Defendant has been prejudiced by Plaintiff's delay in filing. Thus, the Court will consider the merits of the Motion.

### B. Legal Standard

Rule 12(b)(6) warrants the dismissal of a complaint that fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). Plausibility is achieved when the pleadings contain factual elements that allow the court to draw a reasonable inference that misconduct occurred. *Id.* When a court considers a motion to dismiss, it should first separate the "recitals of the elements of [an] action" from the factual allegations. *Id.* The court should then assume the factual allegations are true, and ignore the legal conclusions. *Id.* After eliminating the bare legal conclusions from the complaint, the court should review the factual allegations and "determine whether they plausibly give rise to an entitlement to relief." *Id.* Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Thus, where a set of facts, even if true, would not entitle the plaintiff to relief, dismissal is appropriate. *Id.*

### C. Plaintiff's Claims

#### 1. Truth in Lending Act, 15 U.S.C. § 1641

The first cause of action alleges a violation of TILA, 15 U.S.C. § 1641. Defendant contends that this claim fails because Plaintiff failed to plead his claim with requisite particularity, the claim related to the loan origination process for which Defendant is not liable, and the claim is time-barred.

##### a) Legal Standard

TILA requires mortgage lenders to provide certain disclosures in connection with a loan transaction. *See* 15 U.S.C. § 1639. Generally, a TILA action based on non-disclosure only applies to the originator of the loan. A TILA action based on alleged non-disclosure that is brought against the assignee of a debt or mortgage is only available when "the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a); *see also Marcos v. Equity One Lenders Grp.*, 2011 WL 5079643 (N.D. Cal. Oct. 25, 2011). In addition, under 15 U.S.C. § 1641(g)(1), a new owner or assignee of a debt "shall notify the borrower in writing of such transfer" "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party."

##### b) Application

Plaintiff alleges Defendant violated 15 U.S.C. § 1641 because, under this section "a new creditor must provide notice of its status," FAC ¶ 52, and Defendant failed to provide adequate notice to Plaintiff, *id.* ¶ 53.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01090 JAK (OPx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | Julio V. Ordonez v. Ocwen Loan Servicing, LLC | | |

Plaintiff's TILA claim fails for two principal reasons. *First*, for a servicer to be subject to liability under 15 U.S.C. § 1641, it must also own the subject loan. *See* 15 U.S.C. § 1641(f)(1) (a "servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation."); *Che v. Aurora Loan Servs., LLC*, 847 F. Supp. 2d 1205, 1209 (C.D. Cal. 2012); *Marks v. Ocwen Loan Servicing,* 2008 WL 344210 *2 (N.D.Cal.2008) ("Although TILA provides that assignees of a loan may be liable for TILA violations, loan servicers are not liable under TILA as assignees unless the loan servicer owned the loan obligation at some point...."). Plaintiff does not allege that Defendant owned the loan at any point. FAC ¶ 47 ("The alleged debt claimed by OCWEN remains the property of the original parties."). Thus, there is no basis for liability under this section of TILA.

*Second*, Defendant cannot be held liable for any TILA violation based on the origination of the loan. The loan at issue originated in February 2007. According to Plaintiff, Defendant informed Plaintiff in a letter on October 10, 2012 that it "had acquired the servicing rights of the loan on October 5, 2012 from Bank of America." FAC ¶ 59. Plaintiff does not allege Defendant was the originator of the loan or that Defendant had any involvement with its origination or funding. Further, a TILA action based on alleged non-disclosure by the original lender that is brought against the assignee of a debt or mortgage is only permitted when "the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a); *see also Marcos* 2011 WL 5079643 (N.D. Cal. 2011). There are no allegations in the FAC that Defendant is the assignee of the loan, that there was any non-disclosure at the origination of the loan, or that any non-disclosure was apparent on the face of the disclosure statement. Thus, Plaintiff's TILA claim fails.[3]

For these reasons, Defendant's Motion is GRANTED with respect to this claim. Plaintiff's claim TILA is dismissed with prejudice.

        **2.**      **Fair Debt Collection Practices Act, 15 U.S.C. § 1692**

              a)      Legal Standard

The FDCPA provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). A debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term debt collector does not include a person collecting on a debt that "was not

---

3 Defendant also contends that Plaintiff's TILA claim is barred by the statute of limitations. Generally, a claim under TILA must be brought within one or three years "from the date of the occurrence of the violation," depending on the alleged violation of the FDCPA. 15 U.S.C. § 1640(e). In many circumstances, the date of the occurrence of the violation is "the date of consummation of the [loan] transaction." *King v. California*, 784 F. 2d 910, 915 (9th Cir. 1986); *see also Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (noting that plaintiffs "were in full possession of all information relevant to the discovery of a TILA violation . . . on the day the loan papers were signed."). Here, Plaintiff's claim is based on an alleged violation that occurred when Defendant became the loan servicer on October 5, 2012. Thus, if viable, the present claim would have been timely filed.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV13-01090 JAK (OPx) | Date | February 10, 2014 |
| Title | Julio V. Ordonez v. Ocwen Loan Servicing, LLC | | |

in default at the time it was obtained by such person . . . ." 15 U.S.C. § 1692a(6)(F)(iii). Thus, a mortgage servicer is not a debt collector under the terms of the FDCPA if the servicer acquired the loan before it was in default. *Angulo v. Countrywide Home Loans, Inc.*, 2009 WL 3427179, at *5 (E.D. Cal. Oct. 26, 2009) (collecting cases).

        b)        Application

                1) Whether Defendant is a Debt Collector

Here, Plaintiff alleges that Defendant is a "debt collector within the meaning of the FDCPA." FAC ¶ 8. Plaintiff's FAC and Defendant's RJN demonstrate that Defendant became the loan servicer after the loan was in default. The Notice of Default was recorded in April 2010. RJN, Exh. A. Defendant allegedly became the loan servicer on October 5, 2012, more than two years after the loan had been in default. FAC ¶ 19. Moreover, Defendant admits that "Plaintiff's loan has been in foreclosure for the entire period Ocwen has held the servicing rights." Dkt. 21 at 5. Thus, it is clear from Defendant's Motion and the Notice of Default, that Defendant did not begin servicing the loan until after it was in default. Thus, based on Defendant's own admissions, it could be considered a "debt collector" under the FDCPA.

Defendant argues that the act of foreclosing on a property pursuant to a deed of trust is not "debt collection" within the meaning of the FDCPA. Dkt. 28 at 2, *citing Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008); *Schlegel v. Wells Fargo Bank N.A.*, 799 F. Supp. 2d 1100, 1103-04 (N.D. Cal. 2011). Indeed, many district courts have held that "the activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Ines v. Countrywide Home Loans, Inc.*, 2008 WL 4791863 (S.D. Cal. Nov. 3, 2008); *Gonzalez v. CNA Foreclosure Serv., Inc.*, 2011 WL 2580681 (S.D. Cal. June 29, 2011); *Gaitan v. Mortgage Elec. Registration Sys.*, 2009 WL 3244729 (C.D. Cal. Oct. 5, 2009); *Izenberg*, 589 F. Supp. 2d at 1199; *Hulse v. Ocwen Fed. Bank, FSB,* 195 F.Supp.2d 1188, 1204 (D.Or.2002). These courts reason that "foreclosing on a trust deed is distinct from the collection of the obligation to pay money," *Hulse*, 195 F. Supp. 2d at 1204, because at no time do foreclosing entities "seek to collect money," *Gonzalez*, 2011 WL 2580681 at *2. Rather, "[p]ayment of funds is not the object of the foreclosure action. . . . the lender is foreclosing its interest in the property." *Hulse*, 195 F. Supp. 2d at 1204.

Some circuit courts have departed from the reasoning of the district courts discussed above. *See e.g.*, *Kaltenbach v. Richards*, 464 F. 3d 524 (5th Cir. 2006); *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F. 3d 373 (4th Cir. 2006). In *Wilson*, the Fourth Circuit reasoned that:

> [Plaintiff's] "debt" remained a "debt" even after foreclosure proceedings commenced. Furthermore, Defendants' actions surrounding the foreclosure proceeding were attempts to collect that debt. Defendants' argument, if accepted, would create an enormous loophole in the Act immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect the debt. We see no reason to make an exception to the Act when the debt collector uses foreclosure instead of other methods.

443 F.3d at 376.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01090 JAK (OPx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | Julio V. Ordonez v. Ocwen Loan Servicing, LLC | | |

This Court finds persuasive the reasoning of the district courts in the Ninth Circuit. The act of foreclosing on a property is distinct from collecting a debt from a debtor because foreclosure does not require a loan servicer to seek payment of funds. The Court need not adopt a bright-line rule that a servicer may never be considered a debt collector once the foreclosure process has begun. Rather, any actions taken by a servicer "in pursuit of the actual foreclosure may not be challenged as FDCPA violations." *Hulse*, 195 F. Supp. 2d at 1204. However, to the extent a loan servicer who acquires the loan after it is in default seeks to collect the debt from a plaintiff in addition to pursuing foreclosure, the servicer may be considered a debt collector.

Plaintiff has failed to plead any allegations that Defendant attempted to collect the debt outside of the foreclosure process. Thus, Plaintiff has not adequately pleaded that Defendant engaged in the practice of debt collection to be held liable under the FDCPA.

2) Whether Plaintiff has Adequately Pleaded an FDCPA Claim

Even if Defendant had been a debt collector under the FDCPA, Plaintiff must still state a claim upon which relief can be granted. Plaintiff has failed to do so.

Plaintiff alleges the following violations of the FDCPA: (i) false representation of the character and amount or legal status of any debt of plaintiff, FAC ¶ 58; (ii) obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. § 1681a(b), FAC ¶ 59; (iii) engaging in conduct the natural consequence of which was to harass, oppress or abuse any person under § 1681d, FAC ¶ 59; (iv) falsely representing the character, amount, or legal status of any debt under § 1681e(2), FAC ¶ 59, (v) transferring of any interest in the debt that will cause the consumer to lose any claim of defense to payment of the debt pursuant to § 1681e(6), FAC ¶ 59; (vi) communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed under § 1681e(8), FAC ¶ 59; (vii) using any false representation or deceptive means to collect, or attempt to collect, any debt or to obtain information concerning a consumer under § 1681e(10), FAC ¶ 59; (viii) failing to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purposed, and the failure to disclose in subsequent communications that the communication is from a debt collector under § 1681e(11), FAC ¶ 59; (ix) using any name other than the true name of the debt collector's business under § 1681e(14), FAC ¶ 59; collecting any amount (including any interest, fee, charge or expense incidental to the principal obligation unless such amount is expressly authorized by the agreement creating the alleged debt or permitted by law under § 1681f(1), FAC ¶ 59; (x) taking or threatening to take any actions unlawfully repossess the consumer's property under § 1681f(6), FAC ¶ 59; and (xi) failure to comply with the statutory requirements of § 1692g, FAC ¶ 59.

These claims amount to no more than conclusory allegations. With the possible exception of the claim brought under 15 U.S.C. § 1692g, Plaintiff does not state a single fact to support any of his allegations that Defendant used false, deceptive, or misleading representations in connection with the collection of the debt. Therefore, Plaintiff's FAC fails to put Defendant on notice of the complained of behavior or provide a basis for determining whether the allegations could support a claim under the FDCPA.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01090 JAK (OPx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | Julio V. Ordonez v. Ocwen Loan Servicing, LLC | | |

With respect to Plaintiff's claim under 15 U.S.C. § 1692g, he has failed to plead a plausible violation. 15 U.S.C. § 1692g(a) requires a debt collector "within five days after the initial communication with a consumer in connection with the collection of any debt" to give notice of, among other things, the amount of the debt, the name of the creditor to whom the debt is owed, and "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt . . . is disputed, the debt collector will obtain verification of the debt . . . and a copy of such verification . . . will be mailed to the consumer by the debt collector."

Plaintiff alleges that, "[o]n October 10, 2012 Plaintiff received a letter from OCWEN…stating that [it] had acquired the servicing rights of the loan on October 5, 2012." FAC ¶ 19. Plaintiff has not alleged that Defendant failed to notify him within five days of acquiring the service rights of his loan or that he received deficient notice. Thus, Plaintiff has not adequately pleaded a claim for a violation of 15 U.S.C. § 1692g(a).

Plaintiff contends that Defendant did not comply with his request for debt validation concerning corrections of errors and omissions from his credit report. FAC ¶ 19. 15 U.S.C. § 1692g(b) makes unlawful an attempt by a debt collector to recover all or any portion of a disputed debt, if a consumer notifies a debt collector in *writing* within 30 days of receiving a notice pursuant to 15 U.S.C. § 1692g(a) that the debt is disputed. Plaintiff alleges that, on November 15, 2012, "he requested OCWEN to comply with his request for validation concerning corrections of errors and omissions." FAC ¶ 20.

Plaintiff's allegation is insufficient to state a claim under 15 U.S.C. § 1692g(b) for four reasons. *First*, although Plaintiff alleges that he made a request to Defendant to validate the debt, Plaintiff did not state whether this notification was in writing. Thus, it is not clear that Plaintiff met his own obligations under 15 U.S.C. § 1692g(b). *Second*, Plaintiff's request was untimely. 15 U.S.C. § 1692g(b) gives consumers 30 days after receipt of notice to dispute a debt. According to the FAC, Defendant provided written notice on October 10, 2012. FAC ¶ 19. Plaintiff requested that Defendant validate his debt on November 15, 2012. This was 36 days after he received notice from Defendant. FAC ¶ 20. *Third*, Plaintiff did not offer any facts that suggest Defendant tried to collect the debt after being notified the debt was disputed. *Fourth*, Plaintiff's FAC does not make clear whether he disputed all or only a portion of the debt. Rather, it states only that he requested "debt validation." For these reasons, Plaintiff has failed to allege facts sufficient to support his claim that Defendant violated 15 U.S.C. § 1692g(b).

For these reasons, Defendant's Motion is GRANTED as to Plaintiff's FDCPA claim. Plaintiff is, however, granted leave to amend to the extent he can *in good faith* allege that Defendant engaged in debt collection practices outside of the foreclosure process that constitute violations of the FDCPA. If Plaintiff files an amended claim that fails to meet this standard, a request for sanctions may be appropriate.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01090 JAK (OPx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | Julio V. Ordonez v. Ocwen Loan Servicing, LLC | | |

      3.      **Fair Credit Reporting Act, 15 U.S.C. §§ 1681s-2 and 1681i**

          a)      Legal Standard

                i) 15 U.S.C. § 1681s-2

The FCRA governs the collection, dissemination and use of consumer credit information. "To ensure that credit reports are accurate, the FCRA imposes certain duties upon sources that provide credit information to Credit Reporting Agencies. *Gorman v. Wolpoff & Abramson, LLP* 584 F.3d 1147, 1154 (9th Cir. 2009). 15 U.S.C. § 1681s-2 sets forth the duties of furnishers of information to consumer reporting agencies. *Id.* When a furnisher is notified by a credit reporting agency that a consumer disputes the reported information, the furnisher must review, investigate, and report the results of the investigation to the consumer reporting agency. 15 U.S.C. §§ 1681s-2(b)(1), 1681s-2(b)(1)(D), 1681s-2(b)(1)(E); *Miller v. Bank of America, N.A.*, 858 F. Supp. 2d 1188, 1123 (S.D. Cal. 2012).

A private party cannot bring an action based on an alleged violation of 15 U.S.C. § 1681s-2(a). Rather, the duties created under this section are enforceable only by state and federal agencies. *See Gorman*, 584 F.3d at 1154; 15 U.S.C. § 1681s-2(d); 15 U.S.C. § 1681s. However, 15 U.S.C. § 1681s-2(b) provides that consumers may bring a claim against the furnisher of information in limited circumstances. *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002). In order to bring such a claim, a plaintiff must first notify a credit reporting agency of the disputed information. *Id.*; *see also Ohlendorf v. Am. Brokers Conduit*, 2012 WL 718682 at *8 (E.D. Cal. March 5, 2012). "Thus, when a plaintiff fails to allege that he notified a credit reporting agency of a dispute, the claim is properly dismissed for failure to state a claim." *Dunfee v. Truman Capital Advisors, LP,* 2013 WL1285152 at *5 (S.D. Cal. March 25, 2013) (citing *Ohlendorf*, 2012 WL 718682 at *23-24; *Roybal v. Equifax*, 405 F. Supp.2d 1177, 1180 (E.D. Cal. 2005) (holding that in order to state a claim under the FCRA against a furnisher, the Plaintiff must allege that they contacted the credit reporting agencies)).

                ii) 15 U.S.C. § 1681i

Although15 U.S.C. § 1681s-2 establishes the duties of furnishers of information to credit reporting agencies, 15 U.S.C. § 1681i sets forth the duties of credit reporting agencies. 15 U.S.C. § 1681i(a)(2) requires consumer reporting agencies to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."

          b)      Application

                i) 15 U.S.C. § 1681s-2

Plaintiff is a consumer within the meaning of the FCRA. 15 U.S.C. § 1681a. Therefore, Plaintiff cannot bring any claims under 15 U.S.C. § 1681s-2(a). Plaintiff can bring an action pursuant to 15 U.S.C. § 1681s-2(b) if he notified a credit reporting agency of the dispute, Defendant was notified of the dispute by that credit reporting agency, but Defendant subsequently failed to conduct an investigation of the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01090 JAK (OPx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | Julio V. Ordonez v. Ocwen Loan Servicing, LLC | | |

dispute as required by 15 U.S.C. § 1681s-2(b).

Here, Plaintiff contends Defendant failed to "review all relevant information provided by the consumer reporting agencies," "adequately conduct an investigation with respect to the disputed information," and "report the results of the investigation to the consumer reporting agencies." FAC ¶¶ 71-74. However, Plaintiff has not alleged that he notified a credit reporting agency of the dispute. Furthermore, although Plaintiff alleges that Defendant failed truthfully to respond to "multiple reinvestigation requests from multiple credit reporting agencies," Plaintiff fails to plead facts to support this allegation. The standard under *Iqbal* and *Twombly* requires pleadings to contain factual elements that allow "the court to draw a reasonable inference that misconduct occurred." *Iqbal*, 556 U.S. 662 at 678-79; *Twombly,* 550 U.S. 544 at 570.

Furthermore, Plaintiff alleges that Defendant failed to review *relevant* information. Defendant does not have a legal obligation to review all information that Plaintiff considers relevant. Defendant's legal obligation is narrower in scope. Defendant and other furnishers must review *disputed* information provided by crediting reporting agencies. *Miller,* 858 F. Supp. 2d at 1123 (S.D. Cal. 2012). Plaintiff has failed to plead any factual allegations with respect to what, if any, information was disputed. Thus, the Complaint fails to give sufficient notice to Defendant about the identity of the credit reporting agency to which Plaintiff allegedly reported the disputed information and the content of Plaintiff's complaint to that agency. For the reasons discussed above, Plaintiff's FAC fails to allege facts sufficient to support a claim for relief under 15 U.S.C. § 1681s-2(b). In any amended complaint, Plaintiff's pleading shall plead facts clarifying which national credit agency he notified of the disputed information and the content of the dispute. Again, any such allegations must be made in good faith. A failure to act in good faith may warrant a request for appropriate sanctions.

ii) 15 U.S.C. § 1681i

Plaintiff alleges Defendant violated 15 U.S.C. § 1681i(a)(2). However, 15 U.S.C. § 1681i(a)(2) sets forth the duties of credit reporting agencies as opposed to furnishers of credit information. Plaintiff has not alleged Defendant is a credit report agency. As such, Plaintiff cannot bring this claim under 15 U.S.C. § 1681s-2.

Because Plaintiff has failed to allege any facts in support of its FCRA claim, Defendant's Motion is GRANTED. However, for the reasons, and under the standards, set forth above, the Court grants Plaintiff leave to amend.

4.  **Declaratory Relief**

Plaintiff's fourth cause of action seeks declaratory relief concerning "the constitutionality of 'secret requirements' for debtors who have prior bankruptcy filings." FAC ¶ 79. Plaintiff's FAC also makes vague allegations that Defendant violated his rights under the First, Fifth, Sixth, and Fourteenth Amendments. FAC ¶ 1. However, Plaintiff does not provide any factual basis for these claims. Furthermore, Plaintiff cannot bring Constitutional claims against a private actor. The Defendant in this case is not a state or

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01090 JAK (OPx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | Julio V. Ordonez v. Ocwen Loan Servicing, LLC | | |

federal actor. Therefore, Defendant's Motion is GRANTED with prejudice as to this claim.[4]

**VI.     Conclusion**

For the foregoing reasons, the Court GRANTS the Motion. However, Plaintiff is granted leave to amend his second and third causes of action subject to the conditions stated in this Order. As noted, any amended pleading must be filed on or before February 21, 2014. A failure to do so will result in the dismissal of this action with prejudice.

**IT IS SO ORDERED.**

:

Initials of Preparer     ak

---

[4] Plaintiff also vaguely claims the ownership of underlying promissory note is disputed and that the original note must be presented to him. FAC ¶ 81. However, there are no facts in the FAC to support Plaintiff's claim.